## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-mj-8470-RMM

UNITED STATES OF AMERICA

vs.

**WILLIE BOONE**
**and KEVIN GIBSON,**

      **Defendants.**

_____/

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes   X   No

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   __ Yes   X   No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: _____

SHANNON O'SHEA DARSCH
Assistant United States Attorney
Southern District of Florida
Florida Bar No. 68566
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 209-1027
E-mail: shannon.darsch@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Florida

<table>
<tr><td>United States of America<br>v.<br><br>Willie Boone and<br>Kevin Gibson<br><br><br><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.<br><br>22-mj-8470-RMM</td></tr>
</table>

<div style="border:1px solid red">
FILED BY_____ <b>SP</b> _____D.C.

<b>Oct 14, 2022</b>

ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - West Palm Beach
</div>

## CRIMINAL COMPLAINT

I. the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 3, 2022 _____ in the county of _____ Palm Beach _____ in the
_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by Prohibited Persons (Convicted Felon) |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

ATF TFO Matthew Ward
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime.

Date: 10/14/22

_____
*Judge's signature*

City and state:          West Palm Beach, Florida          Hon. Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Your Affiant, ATF Task Force Officer, Matthew Ward, first being duly sworn, does hereby depose and state as follows:

## INTRODUCTION

1.     I am a Task Force Officer (TFO) with the Bureau of Alcohol, Tabaco, Firearms, and Explosives (ATF) and have served in that capacity since November 2020. My responsibilities include investigating violations of federal law, including, among other things, violations of the Gun Control Act (Title 18 United States Code, Chapter 44). I have served as a police officer employed by the City of West Palm Beach Police Department (WPBPD) for the preceding 9-year period. During my tenure with the WPBPD, I have personally participated in the arrests of over 50 individuals who were arrested for a variety of federal crimes, including firearms and narcotics violations. I have a Bachelor of Science Degree in Business Management from the University of Central Florida. I am a certified police officer, having completed the requirements set forth by the Florida Criminal Justice Standards and Training Commission. I have completed courses through the Florida Gang Investigators Association and am formally recognized as an Advanced Gang Specialist.

2.     This affidavit is based on my own personal observations, and those of other law enforcement officers who had personal knowledge of the events described herein. This affidavit is submitted for the limited purpose of establishing probable cause to charge Willie Boone (BOONE) and Kevin Gibson (GIBSON) with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). Because this affidavit is for the limited purpose of establishing probable cause, this affidavit does not include every fact or detail of the investigation known to me or law enforcement concerning the case.

## PROBABLE CAUSE

3.      The investigation of GIBSON and BOONE began in February 2022 when a confidential source reported to WPBPD that a violent crime would be committed at 621 52nd Street, "Building 2," West Palm Beach, Florida 33407 ("residence").[1] Based on the information provided by the confidential source, two controlled narcotics buys were conducted at the residence, which led to the WPBPD applying for a search warrant for the residence.

4.      On March 3, 2022, WPBPD obtained a state search warrant for the residence (Search Warrant No. WPB_2022_000123, approved by Honorable Judge Jaimie Goodman, Fifteenth Judicial Circuit in and for Palm Beach County, Florida).   On the same day, before executing the search warrant, law enforcement surveilled the area and observed GIBSON conduct what appeared to be hand-to-hand narcotics transactions in the front yard of the residence. Further, law enforcement observed an individual leaving the property on a bicycle.  Officers stopped the individual and identified him as Rogerick Williams.   Thereafter, WPBPD Special Weapons and Tactics Team (S.W.A.T.) arrived at the residence to execute the search warrant. Law enforcement observed BOONE standing in the front yard of the property.  Law enforcement ordered BOONE to lay on the ground and detained him.

5.      Upon searching the residence, law enforcement found three firearms and narcotics. Specifically, law enforcement recovered a Glock 17 Gen 4, 9MM semi-automatic handgun, with a total of twenty-five (25) rounds of FC 9MM Luger ammunition from the living room table. One (1) live round was in the chamber. A Glock switch was affixed to the back of the slide. WPBPD Crime Scene Unit Technicians test fired the weapon and confirmed that the switch enabled the gun

---

[1] This residence is well known by law enforcement due to previous law enforcement encounters at the residence and law enforcement surveillance.   Based on law enforcement training and experience, the residence is a drug stash house; individuals do not live at the residence.

to fire continuously with a single trigger pull.  Law enforcement also recovered a Springfield XD-S, 9MM semi-automatic handgun with a total of eight (8) rounds of GFL 9MM Luger ammunition on the same living room table.  One live round was in the chamber.  Further, law enforcement recovered a Mossberg Maverick Model 88, 12 Gauge, semi-automatic shotgun from the back porch roof. The serial number of the firearm was scratched off, and the buttstock and barrel were also cut to shorten the firearm's overall length. Finally, law enforcement recovered drug paraphernalia and narcotics from the residence, which field tested positive for fentanyl, marijuana, crack cocaine, and MDMA.[2]

6.      BOONE consented to providing a DNA sample, and law enforcement obtained a state search warrant for DNA samples from Rogerick Williams and GIBSON. The Palm Beach County Sheriff's Office (PBSO) Forensic Sciences and Technology Facility compared the three individuals' DNA to DNA samples taken from the firearms.   The PBSO Forensic Lab concluded that there was "very strong support" that the Glock pistol contained the DNA of both GIBSON and BOONE, and that there was "very strong support" that the DNA recovered from the Springfield Armory pistol belonged to BOONE.      More specifically, the PBSO Forensic Lab concluded the following: "[t]he DNA profile obtained is approximately 4E46[3] times more likely if it originated from Kevin GIBSON, Willie BOONE and an unknown individual than if the DNA profile obtained originated from three unknown individuals in the population. This statistical result provides very strong support for the proposition that Kevin GIBSON and Willie BOONE together are contributors to the DNA profile."   As for the Springfield Armory pistol, the PBSO Forensic

---

[2] Two (2) Samsung cellphones were also located in the living room on a recliner chair.

[3] 4E46 is the equivalent of forty quattuordecillion.  The PBSO Forensic Lab provides that a scale of any number greater than or equal to 1,000,000 is a statistical result that provides "very strong support" that the DNA recovered from the pistol belonged to GIBSON and BOONE.

Lab concluded the following: "[t]he DNA profile obtained is approximately $1E28^4$ times more likely if it originated from Willie BOONE and an unknown individual than if the DNA profile obtained originated from two unknown individuals in the population. This statistical result provides very strong support for the position that Willie BOONE is a contributor to the DNA profile obtained."[5]

7.    Certified convictions confirm that GIBSON is a six-time convicted felon in the following cases in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, which were punishable for a term of imprisonment exceeding one year:

- 502012CFO11419AXXXMB – Possession of Cocaine;

- 502012CF012666AXXXMB – Grand Theft of a Motor Vehicle;

- 502012CF012800AXXXMB – Sale of Cocaine within 1,000 Feet of a Place of Worship or Business;

- 502015CF0007584AXXXMB – Sale of a Schedule I Substance within 1000 Feet of a Place of Worship or Business;

- 502017CF005664AXXXMB - Possession of Heroin; and

- 502020CF008948AXXXMB – Attempted Possession of Fentanyl

8.    Certified convictions confirm that BOONE is a six-time convicted felon in the following cases in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, which were punishable for a term of imprisonment exceeding one year:

- 502018CF002496AXXXMB –Delinquent in Possession of a Firearm;

- 502018CF006415 –Delinquent in Possession of a Firearm;

---

[4] 1E28 is the equivalent of ten octillion.
[5] DNA swabs taken from the Mossberg shotgun did not contain a sufficient amount of DNA for comparison.

- 502019CF003764AXXXMB – Unauthorized Possession of Driver's License;

- 502019CF00376AXXXMB – Grand Theft;

- 502020CF004001AXXXMB – Possession of Cocaine with Intent to Sell; and

- 2020CF004003AMB – Sale of cocaine.

9.      ATF Special Agent Vincent Rubbo who is certified as an interstate nexus expert as it pertains to the manufacturing of firearms and ammunition examined the Glock and Springfield Armory pistols and confirmed that both were manufactured outside the State of Florida, and therefore traveled in and affected interstate and/or foreign commerce.

## CONCLUSION

10.      Based upon the facts contained in this affidavit, I submit there is probable cause to believe that GIBSON and BOONE violated Title 18, United States Code, Section 922(g)(1).


FURTHER YOUR AFFIANT SAITH NAUGHT


Matthew Ward,
Task Force Officer, ATF


Sworn and Attested to me by Applicant by Telephone (FaceTime) per the requirements of Fed. R. Crim. P.4(d) and 4.1 on 14 day of October 2022.


HON. RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

5

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** Willie Boone

**Case No:** _____

Count #: 1

   Felon in Possession of a Firearm and Ammunition

   18 U.S.C. § 922(g)(1)

**\* Max. Penalty:**              10 years' imprisonment; $250,000 fine; 3 years'
                                    supervised release; and a $100.00 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: Kevin Gibson

**Case No**:

Count #: 2

Felon in Possession of a Firearm and Ammunition

18 U.S.C. § 922(g)(1)

**\* Max. Penalty**:  10 years' imprisonment; $250,000 fine; 3 years'
supervised release; and a $100.00 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**